UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:22-cv-00055-CHB-LLK

CC METALS AND ALLOYS, LLC,                                        PLAINTIFF

v.

AMERICAN INTERNATIONAL                                          DEFENDANTS
SPECIALTY LINES
INSURANCECOMPANY, et al,

## MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all

pretrial matters. Text Order of October 18, 2022, [DN 48]. Pursuant to this authority, the Court

held a Telephonic Status Conference on March 25, 2025, upon request of the parties regarding a

dispute over the scope of pending depositions. [DN 164]. The Court heard the parties' concerns

and granted leave to brief the issues. *Id.* Before the Court is Defendants AIG Specialty Insurance

Company's ("AIG Specialty" or ("AIG")) and Fortitude Reinsurance Company Ltd.'s

("Fortitude Re") (collectively, "Defendants") Motion for Protective Order to Limit the Scope of

Rule 30(B)(6) Depositions, noticed by Plaintiff CC Metals and Alloys, LLC's ("CCMA").

Motion [DN 166]. Plaintiff responded to the Motion, Response [DN 167], and because the Court

did not allow a reply brief absent consent or order, the matter is ripe for review. For the reasons

that follow, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Protective

Order, Motion [DN 166].


1. ## Background

The Court has recently summarized the procedural and factual background of this matter,

*see* [DNs 146, 169], incorporates such summaries and defined terms as if fully set forth herein,

1

and provides only a brief outline of the relevant facts leading to the instant Motion. On April 14, 2023, the Court bifurcated the coverage and bad faith claims and held that discovery would proceed only on the coverage claims. Bifurcation Order [DN 63] at 5. On January 16, 2025, the Court denied Plaintiff's Second Motion to Compel, which sought discovery of extrinsic evidence that Plaintiff argued was relevant to Phase One and necessary for questions of contract interpretation. Order on Second Motion to Compel ("MtC Order") [DN 146]. On April 7, 2025, Defendants filed the instant Motion, and on May 5, the District Court overruled Plaintiff's objections to the Order on Second Motion to Compel, *see* Order on Motion for Reconsideration ("MfR Order") [DN 169]. In sum, extrinsic evidence, claims manuals, guidelines, and reinsurance-related documents are not relevant to Phase One coverage-only discovery, absent a finding of ambiguity, as the interpretation of a contract is a question of law for the courts. *See* MfR Order [DN 169] at 9 (citing *3D Enters. Contr. Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005)).

While Plaintiff has withdrawn a few of its proposed Rule 30(B)(6) deposition topics ("Topics"), *see, e.g.,* Topics 44-48 [DN 168-4] at 20-21, in light of the Court's MtC Order, [DN 146], it continues to seek discovery on topics that the Court has determined are irrelevant at this time. For example, Topic 40 would question Defendants on "policies, guidelines, manuals, training, and procedures with respect to investigating, determining, evaluating, and submitting claims for insurance and/or reinsurance[.]" [DN 168-4] at 18. Other Topics seek to question Defendants on the "meaning and interpretation of the terms[] and provisions of the Policy," *see* Topic 4 [DN 168-4] at 2, discovery which the Court denied as involving threshold legal questions. *See, e.g.,* MtC Order [DN 146] at 6; MfR Order [DN 169] at 9-13.

## 2. **Legal Standard**

It is well-established that the scope of discovery is within the discretion of the trial court. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(2)(C) provides as follows:

> **(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(c) governs the issuance of protective orders, which may be granted for good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "[A] party that seeks to limit discovery under Rule 26(c) that otherwise appears to be relevant to a claim or defense bears a heavy burden." *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, No. 3:13-CV-1047-CRS, 2016 WL 9460471, at *2 (W.D. Ky. June 29, 2016). A request for a protective order "must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). "'The burden of establishing good cause for a protective order rests with the movant.'" *Murillo v. Dillard*, No. 1:15-CV-00069-GNS, 2017 WL 471570, at *2 (W.D. Ky. Feb. 3, 2017), objections overruled, No. 115CV00069GNSHBB, 2017

WL 2417953 (W.D. Ky. June 2, 2017) (quoting *Nix v. Sword*, 11 Fed.Appx. 498, 500 (6th Cir. 2001)).

"The determination of waiver is within the Court's discretion." *Creason v. Experian Info. Sols., Inc.*, No. 5:21-CV-00039-BJB-LLK, 2022 WL 22904796, at *2 (W.D. Ky. Oct. 21, 2022) (citing *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) ("Trial courts have broad discretion to determine the scope of discovery and an order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice.") (internal quotations omitted) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).

### 3. <u>Waiver</u>

Plaintiff initially argues that Defendants have waived objections to the proposed depositions for failing to timely serve written objections. *See* Response [DN 167] at 1 n.1. During the March 25 status conference, the Court informed the parties of its policy which favors motions being heard on their merits. *See Hall v. Davis*, No. 23-3307, 2023 WL 11051385, at *3 (6th Cir. Nov. 17, 2023). (We maintain a "strong policy favoring adjudication on the merits.") In light of this advisement, Plaintiff does not devote significant time to this argument but preserves it nonetheless.

This issue is within the Court's discretion to decide. *Creason*, 2022 WL 22904796, at *2. Based on the briefings and the status conference, it appears that the parties reached an understanding that the November 2024 Noticed Topics would serve as "placeholders" while the Court resolved the issues presented in Plaintiff's Second Motion to Compel (which was under reconsideration until April 7, 2025). *See* Motion [DN 166] at 6-7. Although the Court issued a

ruling on January 16, 2025, *see* MtC Order [DN 146], Defendants argue that the ruling required Plaintiff to narrow and significantly redraft its Notices. *See* Motion [DN 166] at 6-7. A disagreement ensued, which the parties spent time attempting to resolve. *See* Scott Declaration [DN 166-1] ¶¶6-8. Because any delay appears to have resulted from good-faith disagreements, which the parties attempted to resolve before requesting Court intervention, it would not be proper to find waiver under these circumstances.

### 4. <u>Analysis</u>

Plaintiff has withdrawn twelve (12) of its fifty-one (51) Topics as to both Defendants, *see* Motion [DN 166] at 3 n.2 ("CCMA has agreed to withdraw Topics 9-11, 13, 34-[36], 44-48."), and four additional Topics as to Fortitude Re, *see* [DN 168-4] at 3-4, (withdrawing Topics 5-8 "with respect to Fortitude Re only"). Additionally, Plaintiff has agreed to limit other Topics which previously sought to depose the witness as to actions taken by other parties. *See* Motion [DN 166] at 4 (requesting that Topics 12, 15-24, 26-27, 29-33, 37-38, 40-41 "be limited to the actions, rationale, and decisions of the party identified in the Notice."); Response [DN 167] (acknowledging that Topics 1–19, 22–24, 26–27, 29–32, and 34–48 would be limited or withdrawn); *see generally* [DN 168-4] (striking portions of Topics which seek information as to actions of other parties). While potentially moot, for the sake of clarity the Court **HEREBY GRANTS** the Motion with respect to the scope of Topics, which shall be limited to the actions, rational, and decisions of the party identified in the Notice. The Court will discuss the remaining, disputed issues and categories of Topics in turn and will rely on the narrowed Topic scopes, which were amended following the parties' March 11 meet and confer. *See* [DN 168-4] ("Updated Deposition Topic").

A. Reliance on Affirmative Defenses, Coverage Defenses, and Privilege [Topics 1-3, 51]

These Topics seek discovery on "Affirmative Defenses, Coverage Defenses," Policy exclusions, and the basis for Defendants' privilege objections. *See* [DN 168-4] at 1-2, 21. The Court agrees with Defendants that to the extent any Topic seeks to have a lay witness testify as to legal conclusions, "such questions exceed the permissible scope of a 30(b)(6) deposition." *Brooks v. Caterpillar Glob. Mining Am., LLC*, Civil Action No. 4:14cv-00022-JHM, 2016 U.S. Dist. LEXIS 127975, *15 (W.D. Ky. Sep. 19, 2016) (citing *Cardinal Aluminum Co. v. Continental Cas. Co.*, No. 3:14-CV-857-TBR-LLK, 2015 U.S. Dist. LEXIS 86162, 8 (W.D. Ky. July 1, 2015). But Plaintiff may inquire into the factual basis of defenses and what facts underlie certain denials. *See Woods v. Standard Fire Ins. Co.*, 589 F. Supp. 3d 675, 685 (E.D. Ky. 2022) ("[C]ontention interrogatories seeking the factual bases for allegations would not encroach on protected information, [and] it is not apparent how the same information would be otherwise unavailable through questions posed to a deponent in the course of a deposition.") (internal quotations and citations omitted).

Accordingly, the Motion is **GRANTED**, except to the extent these Topics inquire as to the "factual support," Topics 1-2 [DN 168-4] at 1, or "factual basis," Topic 3 *id.* at 2, for each defense or contention.

The Motion is **GRANTED** as to Topic 51, which would have a lay person answer questions on Defendants' basis for privilege assertions. "Kentucky's current view of the attorney-client privilege established in KRE 503, [] is that it is almost sacrosanct." *Patti's Holding Co., LLC v. Zurich Am. Ins. Co.*, No. 5:20-CV-84-BJB, 2025 WL 976294, at *4 (W.D. Ky. Mar. 31, 2025) (internal quotations and citations omitted); *see also Cardinal Aluminum*, 2015 WL 4068405, at *4 ("[Q]uestions as to legal conclusions exceed the scope of permissible

6

discovery and are not appropriate for a 30(b)(6) deposition.") Topic 51 goes directly to a near-sacrosanct, protected subject and is impermissible for lay-witness testimony regarding Phase One discovery.

### B.  Interpretation and Construction of the Policy [Topics 4-6, 15 and 27]

These Topics seek to ask questions about, for example, the "meaning and interpretation of the terms[] and provisions of the Policy." Topic 4 [DN 168-4] at 2. The Court has already denied this type of discovery, for the time being, as involving threshold legal questions reserved for the Court. *See, e.g.,* MtC Order [DN 146] at 6; MfR Order [DN 169] at 9-13. And as this Court has previously held, "internal interpretation and analysis of the policy [has] no bearing on this Court's determination of whether coverage exists[.]" *Mcbride v. Acuity*, No. 5:10-CV-173, 2011 WL 5975406, at *2 (W.D. Ky. Sept. 21, 2011). "[W]hether a loss is covered under the policy is a question of law to be decided by the Court and questioning a corporate witness would be the equivalent of inquiring about [AIG] counsels' legal position." *Sylvester v. Safeco Ins. Co. of Am.*, No. 422CV00140GNSHBB, 2024 WL 1119429, at *3 (W.D. Ky. Mar. 14, 2024).

These Topics thus seek legal conclusions from a lay witness, *see id.*, and irrelevant information which goes "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). To the extent the Topics inquire as to the factual basis for Defendants' coverage denials, that line of questioning is preserved in other Topics, and these Topics are "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i).

Accordingly, the Motion is **GRANTED** as to Topics 4-6, 15 and 27.

### C.  Claims Handling, Investigation, Policies, and Procedures [Topics 16-33, 37-41, and 43]

These Topics concern Defendants': evaluation of coverage; claims investigation and related policies, training, and procedures; processes and communications surrounding claims handling; and policies and processes surrounding submission of claims for reinsurance. Generally speaking, "claims handling" and "how investigators went about their investigation of the claims" is a topic of discovery reserved for Phase Two in bifurcated litigation. *See Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of Am.*, 322 F.R.D. 271, 276 (W.D. Ky. 2017). Absent allegations of bad faith, the "policies, procedures, or protocols for identifying, analyzing, adjusting, reserving and settling" insurance claims; training and education of adjusters; and the insurer's standards for "claims handling" are outside the scope of an insurer's 30(b)(6) deposition. *Wright v. State Farm Mut. Auto. Ins. Co.*, No. 3:21-CV-00563-BJB-CHL, 2022 U.S. Dist. LEXIS 116701, at *33 (W.D. Ky. June 30, 2022). Defendants' "methodology in investigating this matter and its claims handling process [do] not relate to any issue that would assist the Court in determining if coverage exists under the policy." *Monroe Guar. Ins. Co. v. Radwan Brown & Co., PSC.*, No. CIVA 5:09-CV-247JBC, 2010 WL 1643777, at *12 (E.D. Ky. Apr. 21, 2010). "[A]nalysis of the policy, the claims investigation, and the communications and documents relating to the request and denial of coverage have no bearing on this Court's determination of whether coverage exists[.]" *Mcbride v. Acuity*, No. 5:10-CV-173, 2011 WL 5975406, at *2 (W.D. Ky. Sept. 21, 2011).

With that said, "facts gathered by Defendant and its experts" in making coverage determinations are not "excluded from discovery in the coverage claim." *Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of Am.*, 322 F.R.D. 271, 275 (W.D. Ky. 2017). Many of the Topics at issue in this category include mixed subject-matter involving both Phase One and Phase Two discovery subjects—some Topics being more impermissible than others. To be fair, the

distinction between the permissible and impermissible regarding Phase One and Phase Two discovery subjects is not always intuitive or marked by well-settled, legal boundaries.

But for example, Topic 40, which would have Defendants questioned on insurance and reinsurance claims "policies, guidelines, manuals, training, and procedures," [DN 168-4] at 18, is clearly out-of-bounds. The Court has recently held that claims manuals and guidelines are not currently relevant to this litigation, *see* MtC Order [DN 146] at 5-7, Defendants objected and called Plaintiff's attention to the MtC Order, *see, e.g.,* [DN 166-1] at 127, and Plaintiff offers no new argument for their relevance.

Even Topics 31-33, [DN 168-4] at 13-14, which are partly targeted at proper Phase One subject-matter (e.g., Defendants' site visits and fact-development during such inspections and investigations), are still far too broad in scope. *See, e.g.,* Topic 33 [DN 168-4] at 14 (requiring testimony on "[a]ll persons involved [in any discussion concerning evaluation] and their last known location or address;" as well as fourteen additional subparts to Topics 32 and 33 seeking similarly granular details which are irrelevant to Phase One); *Monroe Guar. Ins. Co. v. Radwan Brown & Co., PSC.*, No. CIVA 5:09-CV-247JBC, 2010 WL 1643777, at *10 (E.D. Ky. Apr. 21, 2010) (denying request to "identify all departments and persons involved and/or consulted in the process of evaluation" as being relating to bad faith).

The requests are also open-ended and call for questions on "all Documents and Communications" and "every action taken, fact or information considered" in connection with claims handling and investigation*, see e.g.,* Topic 24 [DN 168-4] at 10-11, over a period Defendants describe as spanning twenty (20) years. *See* Motion [DN 166] at 11. Such requests are overbroad and improper. *See Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018) (limiting deposition

9

topics that are "open-ended and call for all facts, information, and documents that relate to the allegations, claims, and denials in this action.") (internal quotations omitted). "There may have been numerous facts, information, and documents that were gathered or discovered during [AIG's] investigation that turned out to be irrelevant or that were not relied upon." *Id.* Defendants "cannot reasonably designate and prepare a corporate representative to testify on its behalf regarding these broad lines of inquiry." *Id.*

As other courts have noted, it may be "possible to imagine [requests] more narrowly tailored to relevant content[, but] it is not the Court's role to tailor or re-write the discovery request[s]." *Ye v. Cliff Veissman, Inc.*, No. 14-CV-01531, 2016 WL 950948, at *4 (N.D. Ill. Mar. 7, 2016). "It is up to the party seeking discovery to draft a discovery request that complies with the applicable rules. It emphatically is not the job of the Court to correct a party's sloppy drafting or intentionally overreaching discovery requests." *BAT LLC v. TD Bank, N.A.*, No. 15 CV 5839 (RRM) (CLP), 2018 WL 3626428, at *6 (E.D.N.Y. July 30, 2018).

Accordingly, the Motion is **GRANTED** as to Topics 16-17, 20-30, 37-41, and 43.

The Motion is **GRANTED** in part as to Topics 18-19, and 31-33:

- except and only as to the relevant, *factual* "basis and rational for [AIG's] response to each Claim submitted by CCMA and/or its representatives," *see* Topic 18 [DN 168-4] at 7-8;

- except and only as to "the specific information relied upon to reach [] coverage evaluations, conclusions, and determinations," *see* Topic 19 *id.* at 8; and

- except and only as to facts developed during site visits and inspections that were relied upon; *see* Topics 31-33 *id.* at 13-14.

### D.  Document Storage and Software [Topics 28-30 and 50]

10

These Topics seek testimony on claims handling software, document management, and efforts in collecting documents. For the reasons just discussed, these Topics are outside the scope of Phase One discovery. *See also Secura Ins. v. Thompson*, No. 5:23-CV-00066-BJB-LLK, 2024 WL 4906505, at *1 (W.D. Ky. Nov. 27, 2024) ("[P]roper handling of documentation" is entirely related to bad faith.); *Mcbride v. Acuity*, No. 5:10-CV-173, 2011 WL 5975406, at *2 (W.D. Ky. Sept. 21, 2011) ("[T]he communications and documents relating to the request and denial of coverage have no bearing on this Court's determination of whether coverage exists[.]")

Additionally, and more specifically with respect to Topic 50, [DN 168-4] at 7-8 (regarding "efforts to search for and produce Documents"), "Rule 30(b)(6) depositions about retention policies and procedures, as well as the litigation holds placed in a case, are permitted when there is a potential issue of spoliation." *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 125 (E.D. Mich. 2019). No evidence has been submitted that would warrant "discovery about discovery." *See id.*

Accordingly, the Motion is **GRANTED** in whole as to Topics 28-30, and 50.

### E.  Notice of Fortitude Re

As acknowledged in Plaintiff's Topic chart, "there are minor differences between the language in the AIG Specialty and Fortitude Re 30(b)(6) Deposition Notices and Topics, but [they] are substantively the same." [DN 168-4] at 1. The fact that both Notices are nearly[1] equally broad makes the propriety of Fortitude Re's Notice especially suspect. CCMA's Complaint contains a single allegation against Fortitude Re, claiming that "AIG Specialty transferred all assets, liabilities, and obligations related to the Policy at issue here to Defendant Fortitude Re[.]" Complaint [DN 1] ¶32. The Court has already limited discovery involving

---

[1] Plaintiff has withdrawn four Topics "with respect to Fortitude Re only." [DN 168-4] at 3-4.

Fortitude Re, as "the only factual evidence to either support or discredit CCMA's assertion [regarding Fortitude Re's potential liability] is the reinsurance contract[.]" Order on Motion to Dismiss [DN 44] at 6; MtC Order [DN 146] at 9.

The "scope of relevant discovery is circumscribed by the complaint and its claims, and it is against these claims that discoverability is determined as to each discovery request." *United States ex rel. Sirls v. Kindred Healthcare, Inc*., No. 16-0683-KSM, 2024 U.S. Dist. LEXIS 182483, at *13 (E.D. Pa. Oct. 7, 2024) (internal quotations and citations omitted); *see also Precision Seed Co. v. Consol. Grain & Barge Co*., No. 3:03-cv-079, 2005 U.S. Dist. LEXIS 59504, at *2 (S.D. Ohio July 19, 2005) (finding that the scope of discovery may be further limited by rulings on dispositive motions). Considering the single allegation, it is unclear how the Topics would be relevant in any way to Fortitude Re during Phase One.

"If the relevancy of a particular discovery request in dispute is not apparent on its face, the party seeking discovery has the burden of establishing relevancy." *Grayiel v. AIO Holdings, LLC*, No. 3:15-CV-00821-TBR-LLK, 2017 U.S. Dist. LEXIS 233617, at *9 (W.D. Ky. May 2, 2017) (citing *Transcor, Inc. v. Furnia Charters, Inc*., 212 F.R.D. 588, 591 (D. Kan. 2003)). "The thought behind this common sense principle is that, while the relevancy standard may be a liberal one, it is not a license to go fishing with the hope that something might be discovered." *Id.* (internal quotations and citations omitted). In summarizing its relevance argument, Plaintiff states that "Fortitude Re is, and was, involved in the handling of CCMA's claims under the Policy." Response [DN 167] at 23. Even if this were clearly alleged in the Complaint, which it is not, this discovery would not be relevant to Phase One. As discussed above, claims-handling discovery is reserved for Phase Two.

12

"Regardless of the form a discovery request may take, be it by deposition or in written form, Rule 26 governs the scope." *Dawkins v. Knight Specialty Ins. Co.*, No. 120CV00091GNSHBB, 2021 WL 2346016, at *3 (W.D. Ky. June 8, 2021). "[A] party that seeks to limit discovery under Rule 26(c) that otherwise appears to be relevant to a claim or defense bears a heavy burden." *Consumer Fin. Prot. Bureau v. Borders & Borders*, PLC, No. 3:13-CV-1047-CRS, 2016 WL 9460471, at *2 (W.D. Ky. June 29, 2016). Because the Notices do not appear to be relevant to Fortitude Re, and Plaintiffs' arguments to the contrary are unavailing, Defendants may not be required to show good cause under Rule 26(c).

Nonetheless, the Court has considered Defendants' arguments related to good cause and finds a sufficient showing that requiring Fortitude Re to appear and testify as to Topics, about which it has no first-hand knowledge, would be oppressive and unduly burdensome. *See* Motion [DN 166] at 7-11. In support, Defendants point to prior rulings which have significantly limited relevancy as to Fortitude Re as well as a sworn declaration further showing its lack of relevant involvement. *See* Jahn Declaration 17-2. They argue that having to testify on the Topics would be fruitless. The Court has further found that the Topics are, on their face, significantly overbroad even as to AIG Specialty. Given Plaintiff's failure to tailor the Topics, they even moreso appear to be recklessly or intentionally overreaching as to Fortitude Re. *See BAT LLC*, 2018 WL 3626428. ("It emphatically is not the job of the Court to correct a party's sloppy drafting or intentionally overreaching discovery requests.") Requiring Fortitude Re to appear and testify, only to repeatedly object as to having had no involvement or relevant information, would surely be highly annoying at the very least. *See* Fed. R. Civ. P. 26(c)(1) (authorizing courts to protect parties from, *inter alia*, "annoyance"). "[P]rohibiting the deposition of a witness who has no personal knowledge of the events or investigation underlying the case and who cannot

provide relevant testimony is appropriate." *Anwar v. Dow Chem. Co*., 876 F.3d 841, 854 (6th

Cir. 2017) (internal quotations and citations omitted) (citing *Smith v. Dowson*, 158 F.R.D. 138,

140-42 (D. Minn. 1994) ("finding that a showing of irrelevancy of proposed discovery can

satisfy the good cause requirement of Rule 26(c)").

  To the extent that a Plaintiff has a "presumptive right" to depose named Defendants, *see*

Response [DN 167] at 20, a notion this district has credited in the context of ERISA actions, *see*

*Fenwick v. Hartford Life & Accident Ins. Co*., No. 3:13-CV-1090-DJH, 2017 WL 11886056, at

*13 (W.D. Ky. Dec. 12, 2017) ("[R]ecent decisions from this district require insurer-defendants

in ERISA actions to participate in 30(b)(6) depositions."), Defendants have rebutted that

presumption here.

  Plaintiff also cites to the Sixth Circuit for this proposition, which determined a plaintiff

could depose "the named defendants and anyone else reasonably likely to offer *relevant*

information" regarding a contested issue." *McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th

Cir. 2005) (emphasis added). In *McKinley,* the Court remanded to the district court to allow the

plaintiff an opportunity to conduct additional discovery, including depositions, following a

"highly restrictive discovery order, [prior to which] *no* discovery had occurred[,] and the court

offered no explanation[.]" *Id.* (emphasis in original). The Sixth Circuit also contrasted its holding

with a prior decision "upholding, in a case where substantial discovery had already occurred, a

stay of discovery where the record showed that the specific additional material sought would be

duplicative and the district court explained as much in its order." *Id.* (citing *Abercrombie & Fitch

Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 628 (6th Cir. 2002)). In the latter

decision, the court upheld a district court's decision to defer discovery until after a "threshold

question" had been addressed. *Abercrombie*, 280 F.3d at 628 (internal quotations omitted).

*Abercrombie* is thus more instructive, as this Court has already stayed certain discovery and deferred other discovery which might involve Fortitude Re until after a threshold question of contract interpretation has been addressed.

Plaintiff also cites to *Colley v. Maverick Transp.*, *LLC* for the proposition that only "extraordinary circumstances" may justify prohibiting the taking of a named-defendant's deposition. No. 3:16-CV-787-TBR, 2017 U.S. Dist. LEXIS 190251, at *5 (W.D. Ky. Nov. 16, 2017). In that case, the defendants argued that because they had admitted liability, any further depositions would be cumulative or unduly burdensome. *Colley* determined that plaintiff was still entitled to conduct discovery as to "punitive damages based upon theories of gross negligence and/or wantonness." *Id.* (allowing "depositions of key individuals with knowledge" of relevant issues). Had discovery on gross negligence and wantonness been stayed, as discovery on bad faith has been here, or had the noticed individuals lacked knowledge, the decision would likely have gone the other way. *Colley* is thus distinguishable.

Accordingly, the Motion is **GRANTED** as to prohibiting the deposition of Fortitude Re. Plaintiff may renew its Notice to Fortitude Re (which shall be appropriately limited) should the Court ultimately determine that extrinsic evidence is necessary or the Reinsurance Agreement requires additional discovery from Fortitude Re.

**<u>CONCLUSION AND ORDER</u>**

In accord with the above, and pursuant to Fed. R. Civ. P. 26(b) and (c),

- the Motion, Motion [DN 166], is **GRANTED** as to Topics 4-6, 15-17, 20-30, 37-41, 43, and 50-51;

- the Motion is **GRANTED** as to Topics 1-3, except to the extent these Topics inquire as to the "factual support," Topics 1-2 [DN 168-4] at 1, or "factual basis," Topic 3 *id.* at 2, for each defense or contention;

- the Motion is **GRANTED** in part as to Topics 18-19, and 31-33:

  - except and only as to the relevant, *factual* "basis and rational for [AIG's] response to each Claim submitted by CCMA and/or its representatives," *see* Topic 18 *id.* at 7-8;

  - except and only as to "the specific information relied upon to reach [] coverage evaluations, conclusions, and determinations," *see* Topic 19 *id.* at 8; and

  - except and only as to facts developed during site visits and inspections that were relied upon; *see* Topics 31-33 *id.* at 13-14.

- the Motion is **GRANTED** with respect to the scope of all remaining Topics, which shall be limited to the actions, rational, and decisions of the party identified in the Notice; and

- the Motion is **GRANTED** as to prohibiting the deposition of Fortitude Re.

May 19, 2025

**Lanny King, Magistrate Judge**
**United States District Court**

16