UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:22-cv-00055-CHB-LLK

**CC METALS AND ALLOYS, LLC,**                          **PLAINTIFF**

**v.**

**AMERICAN INTERNATIONAL**                         **DEFENDANTS**
**SPECIALTY LINES**
**INSURANCECOMPANY, et al,**

## MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. Text Order of October 18, 2022 [DN 48]. Pursuant to this authority, the Court held a Telephonic Status Conference on June 30, 2025. [DN 183]. All parties were represented by counsel.

By Order of June 11, 2025, the Court determined that tentative deponent, Julie Diebenow, had provided insufficient information for the Court to determine whether she could be deposed, with or without reasonable accommodations. [DN 183]. Defendant was required to provide sufficient documentation for the Court to make an assessment by June 27, 2025. *Id.* Defendant provided additional information under seal, but upon review, the Court still finds the record insufficient to prevent Mrs. Diebenow's deposition.

## DISCUSSION

In the interest of efficiency, the Court previously provided the parties with relevant case law that it might consider in determining whether a deposition could be limited or prevented based on medical grounds. *See Maier v. Am. Ins. Co.*, No. 1:14-CV-3906-ODE, 2015 U.S. Dist. LEXIS 194381,at \*12–13 (N.D. Ga., July 15, 2015); *Duron v. Costco Wholesale Corp.*, No. EP-

1

23-CV-324-KC, 2024 U.S. Dist. LEXIS 221563, at *2–4 (W.D. Tex., Oct. 2, 224); *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014); [DN 188]. As discussed, the Court has insufficient grounds to find, under the standards articulated in those cases, that Mrs. Diebenow's deposition should be prevented altogether.

The Court has also reviewed case law from this circuit and reaches the same conclusion. "In seeking to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health." *Schorr v. Briarwood Estates Ltd. Partnership*, 178 F.R.D. 488 (N.D. Ohio Mar. 30, 1998); *Stillwagon v. City of Delaware*, 2016 U.S. Dist. LEXIS 148227 (S.D. Ohio 2016); *Sondey v. Wolowiec*, No. 14-13808, 2016 WL 759340 (E.D. Mich. Feb. 26, 2016). The documentation provided to the Court to date includes unspecific medical diagnoses and conclusory statements relating to potential harm. Cases preventing or limiting depositions have been based on more robust detail with specific demonstrations of serious harm. *See, e.g., Schorr*, 178 F.R.D. at 492 (court was provided with specific examples of behavior observed upon clinical examination; based on those observations, expert concluded witness suffers from PTSD and that questioning without the requested limitations may affect her mental health); *Sondey*, 2016 WL 759340, at *1 ("Dr. Kaner states that in his opinion, it is not medically advisable for Teolis to undergo a deposition because of her brain injury and ongoing neurological symptoms, and that the stress of a deposition may exacerbate her cognitive issues and cause a clinical setback.")

Plaintiff also offers a range of reasonable accommodations, and the documentation provided by Defendant does not demonstrate that no reasonable accommodation could alleviate concerns with Mrs. Diebenow's medical condition. *Stillwagon*, 2016 U.S. Dist. LEXIS 148227,

\*8 (letter did not address "possibility of conducting the deposition in such a way as to minimize stress, such as by spreading it out over several days, taking it in a comfortable environment, or other possible arrangements"). During the status call, Defendant stated that Mrs. Diebenow is currently working for AIG Specialty, potentially with certain accommodations (e.g., telework). The Court encourages the parties to negotiate reasonable accommodations for the deposition.

## CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that by July 21, 2025, Defendant shall file a motion to quash, if any, or a joint status report notifying the Court that this issue has been resolved. Plaintiff shall file any response by August 4, 2025. The Court will schedule the next status conference following resolution of the motion to quash, or upon the parties' request should no motion be filed.

**IT IS FURTHER ORDERED** that the parties are to use best efforts to continue with other depositions, notwithstanding the Court's prior order vacating deadlines.

July 1, 2025

Lanny King, Magistrate Judge
United States District Court

C: Counsel

P. 0.15

3